IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH BARTELLI, :
:
   Plaintiff, :
:
v. : CIVIL ACTION NO. 3:CV-04-0909
: (JUDGE KOSIK)
PAUL ROMANOWSKI, et al., :
:
   Defendants. :

**MEMORANDUM AND ORDER**

AND NOW, THIS 18th DAY OF NOVEMBER, 2005, IT APPEARING TO THE COURT THAT:

[1] On April 26, 2004, plaintiff filed the above-captioned action pursuant to 42 U.S.C. § 1983, against Paul Romanowski, Wayne Cole, Dan Douglas, and Donald Jones, all staff members at the State Correctional Institution at Dallas (SCI Dallas), Pennsylvania;

[2] the matter was assigned to United States Magistrate Judge Thomas M. Blewitt;

[3] on October 29, 2004, this court adopted in part a Report and Recommendation of the Magistrate Judge and dismissed the claims against defendants Douglas and Cole for failure to state a cognizable claim;

[4] we further directed that Bartelli's complaint be served upon defendants Romanowski and Jones; (Doc. 13)

[5] plaintiff's complaint asserts two claims: (1) that defendant Romanowski filed a misconduct against Bartelli, who was subsequently adjudged guilty by

defendant Jones, and terminated the inmate's employment after the plaintiff filed a grievance against Romanowski on March 15, 2001; and, (2) that on March 25, 2001, defendant Romanowski conspired with other SCI Dallas staff at a support team hearing to prevent the plaintiff from obtaining any future employment in skill positions;[1]

[6] the defendants filed a motion for summary judgment and, alternatively, for judgment on the pleadings, on May 26, 2005; (Doc. 52)

[7] both parties briefed the motion for summary judgment;

[8] Magistrate Judge Blewitt issued a Report and Recommendation on September 23, 2005, suggesting that we grant the defendants' motion for judgment on the pleadings as the plaintiff failed to exhaust his available administrative remedies and because his claims are time-barred by the statute of limitations, and further recommended that we grant the defendants' motion for summary judgment;

[9] neither the plaintiff, nor the defendant filed objections to the Report and Recommendation.[2]

---

[1] The plaintiff has filed over a dozen 42 U.S.C. § 1983 actions asserting claims of retaliation against guards and officials at SCI Dallas. On July 26, 2005, we adopted a Report and Recommendation issued by Magistrate Judge Blewitt dismissing another 42 U.S.C. § 1983 retaliation action filed by Bartelli. We dismissed the case pursuant to 28 U.S.C. § 1915(g), also known as the "three strikes" rule, as Bartelli had filed three prior civil rights actions in this court that warranted dismissal for failure to state a claim. *See Bartelli v. Beard, et al.* CV-05-1285.

[2] Bartelli filed a document on October 5, 2005, noting that he had been transferred to new prison, SCI Huntingdon. (Doc. 69). He asserts that the staff at both SCI Huntingdon and SCI Dallas interfered with his mail and refused to deliver plaintiff's legal documents. Plaintiff asked the court for an extension of time to file objections

IT FURTHER APPEARING THAT:

[10] If no objections are filed to a Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review of the plaintiff's claims. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S.Ct. 466 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3rd Cir. 1987);

[11] having examined the Magistrate Judge's Report and Recommendation, we agree with his recommendation to grant the defendants' motion for summary judgment and for judgment on the pleadings;

[12] we concur with the Magistrate Judge's analysis of the issues raised in the defendants' motion and find the Magistrate Judge's review of the record to be comprehensive;

[13] specifically, we agree with the Magistrate Judge's conclusion that the defendants' motion for judgment on the pleadings should be granted because the plaintiff failed to exhaust his administrative remedies and because plaintiff's claims are time-barred by the applicable statute of limitations;

[14] we further agree with the Magistrate Judge's determination that summary judgment should be entered in favor of the defendants as they have submitted uncontested evidence to establish that no retaliatory action was taken

---

to the Report and Recommendation, noting that he intended to file same by October 8, 2005. As of the date of this order, the plaintiff has filed neither objections to the Report and Recommendation, nor a motion requesting an extension of time to do so.

by defendant Romanowski against the plaintiff, and that defendant Jones had no personal involvement in the adjudication of the misconduct, as the misconduct was handled through informal institutional resolution and not presented to a hearing examiner.[3]

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

[1] the Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated September 23, 2005 (Doc. 69) is **adopted**;

[2] the defendants' motion for summary judgment (Doc. 52) is granted;

[3] judgment is entered in favor of the defendants, Paul Romanowski and Donald Jones, and against the plaintiff, Keith Bartelli; and

[4] the Clerk of Court is directed to close this case, and forward a copy of this Memorandum and Order to the Magistrate Judge.

                                                          s/Edwin M. Kosik
                                                    United States District Judge

---

[3] Defendants' motion is primarily one for summary judgment. The defendants seek judgment on the pleadings in the alternative. *See*, Doc. 52. We will rule on the motion as one for summary judgment as the defendants submitted supporting affidavits and other documentary evidence, and because the plaintiff filed a response to the motion.

4