IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH BARTELLI, :
Plaintiff, :
v. : CIVIL ACTION NO. 3:CV-04-0909
: (JUDGE KOSIK)
PAUL ROMANOWSKI, et al., :
Defendants. :

**MEMORANDUM**

Before this court are the plaintiff's Objections to the Report and Recommendation (Doc. 76) docketed on December 9, 2005, and his "Object to Memorandum and Order," construed as a Motion for Reconsideration, (Doc. 75) docketed on December 16, 2005. For the reasons that follow, we will dismiss the plaintiff's Objections and deny his Motion for Reconsideration. We will not disturb our November 18, 2005 Order (Doc. 72) entering judgment in favor of the defendants and closing this case.

**FACTUAL HISTORY**

On February 5, 2003, the plaintiff filed his initial 42 U.S.C. § 1983 action, *Bartelli v. Beard, et al.*, 03-CV-0234, against the present defendants and dozens of other staff members at the State Correctional Institution at Dallas, Pennsylvania (SCI Dallas), as well as officials in the Pennsylvania Department of Corrections. On April 14, 2003, we adopted a Report and Recommendation of Magistrate Judge Blewitt, dismissed Bartelli's claims against some of the defendants, and remanded the matter to the Magistrate Judge to direct the plaintiff to refile an amended complaint that comported with Federal Rules of Civil Procedure 8 and

20(a). *Bartelli v. Beard, et al.*, 03-CV-0234, Doc. 14. Magistrate Judge Blewitt then filed an order giving the plaintiff fifteen (15) days to file an amended complaint that contained only the claims and defendants that were related to the same transactions or occurrences and that had common legal and factual bases. *Bartelli v. Beard, et al.*, 03-CV-0234, Doc. 15.

The plaintiff subsequently filed motions seeking an extension of time to file the amended complaint and to stay the proceedings. *Bartelli v. Beard, et al.*, 03-CV-0234, Docs. 16-18. In the motion to stay, Bartelli acknowledged that he had not exhausted all administrative remedies related to the actions of SCI staff at issue in the litigation. *Bartelli v. Beard, et al.*, 03-CV-0234, Doc. 18. We entered an order on May 22, 2003, dismissing the plaintiff's complaint without prejudice due to his failure to exhaust available administrative remedies as required by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997 e(a). *Bartelli v. Beard, et al.*, 03-CV-0234, Doc. 20.

The plaintiff filed the present action pursuant to 42 U.S.C. § 1983 on April 26, 2004, against Paul Romanowski, Wayne Cole, Dan Douglas, and Donald Jones, all staff members at SCI Dallas. In his complaint, the plaintiff claims that: (1) defendant Romanowski filed misconduct report number A111888 against the plaintiff and prematurely terminated the plaintiff's prison employment in retaliation for Bartelli's filing a grievance, Dal-0201-01, against the defendant on March 15, 2001; and, (2) at the hearing on the misconduct report, on or about March 25, 2001, defendants Romanowki, Cole and Douglas "conspired to retaliate against [Bartelli] and preventing [Bartelli] from obtaining any future employment in skill

positions." (Doc. 1). On April 28, 2004, this court issued a Standing Practice Order informing the plaintiff, among other procedural issues, of his obligation to notify the court in the event that he was transferred to a new prison. (Doc. 4). The matter was assigned to United States Magistrate Judge Thomas M. Blewitt, who preliminarily screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), and authored a Report and Recommendation on June 2, 2004. (Doc. 7). The Magistrate Judge suggested dismissing the both claims in the plaintiff's complaint due to expiration of the statute of limitations, and as an additional reason, recommended dismissing the conspiracy claim for failure to state a claim upon which relief can be granted. On October 29, 2004, this court adopted in part the Report and Recommendation and dismissed claim two of the complaint, the conspiracy claim, but permitted the plaintiff to proceed against defendants Romanowski and Jones on the retaliation claim. (Doc. 13). We determined that dismissal on the basis of the expiration of statute of limitations was inappropriate at preliminary review. Rather, this court held that the statute of limitations is an affirmative defense to be raised by the defendant in a responsive pleading.

The remaining defendants filed a motion for summary judgment or for judgment on the pleadings on May 26, 2005. (Doc. 52). Both parties briefed the motion. (Docs. 61, 65, and 68). Magistrate Judge Blewitt issued a Report and Recommendation on September 23, 2005, suggesting that we grant the defendants' motion for summary judgment or for judgment on the pleadings and enter judgment in favor of the remaining defendants. (Doc. 69). Specifically, the Magistrate Judge determined that: (1) Bartelli's claims were barred by the

applicable statute of limitations; (2) the defendants' motion for judgment on the pleadings should be granted as the plaintiff failed to exhaust administrative remedies with respect to his claims; (3) summary judgment should be entered in favor of defendant Romanowski because he established that he had no authority to prevent the plaintiff from obtaining future work in other positions in the prison and, therefore, could not have retaliated against Bartelli as alleged in the complaint; and, (4) summary judgment should be entered in favor of defendant Jones as he had no personal involvement in the adjudication of the misconduct report at issue.

Neither party objected to the Report and Recommendation within the time allotted by the Local Rules. On October 5, 2005, Bartelli filed a notice of change of address, indicating that he had been transferred from SCI Dallas to SCI Huntingdon. (Doc. 70). Bartelli filed another document on October 5, 2005, alleging that staff at both SCI Huntingdon and SCI Dallas interfered with his legal mail, and requesting an extension of time, until roughly October 8, 2005, to file objections to the various Report and Recommendations entered in his numerous 42 U.S.C. § 1983 lawsuits before this court. Neither the change of address, nor the document alleging interference with the plaintiff's mail referenced any case by name or provided any docket numbers.[1]

---

[1] Bartelli filed over a dozen 42 U.S.C. § 1983 actions asserting claims of retaliation against guards and officials at SCI Dallas. On July 26, 2005, we adopted a Report and Recommendation issued by Magistrate Judge Blewitt dismissing another 42 U.S.C. § 1983 retaliation action filed by Bartelli. We dismissed the case pursuant to 28 U.S.C. § 1915(g), also known as the "three strikes" rule, as Bartelli had filed three prior civil rights actions in this court that warranted dismissal for failure to state a claim. *See Bartelli v. Beard, et al.*

Bartelli did not file objections by October 8, 2005, as he had indicated in his Motion for Extension of Time. On November 18, 2005, we adopted the Report and Recommendation by a Memorandum and Order, granted the defendants' motion for summary judgment or for judgment on the pleadings, entered judgment in favor of the defendant, and closed this case. (Doc. 72). On November 25, 2005, the plaintiff filed two letters with this court in which he complained that staff at SCI Huntingdon interfered with his legal mail. (Doc. 73). The plaintiff dated the letters November 17, 2005, and labeled the document, "Re: Receipt of Returned Documents By The Clerk Of Court For Middle District Regarding Notification Of Governmental Interference With Access To The Court In The Matters Of 3:CV-04-0900, 0907, 0908, 0909, and 0910."[2] Bartelli also filed his own affidavit with documents that he contends support his claims of governmental interference. (Doc. 73, Exhibits). On December 6, 2005, Bartelli filed additional exhibits labeled, "Proof of Governmental Interference." (Doc. 74). On both of the latter documents, the plaintiff listed multiple cases or failed to provide case numbers, in contravention of Magistrate Judge Blewitt's March 9, 2005 Order.

---

05-CV-1285. Bartelli appears to take pride in his prolific filings. He includes "litigation" among his "Activities in Prison" noted on a dating web site on which he posted his profile and photograph. *See Keith Bartelli* <http://www.meet-an-inmate.com/male/keith-1681.htm>.

[2] As with many of the filings found on the docket in this case, the plaintiff's November 17, 2005 letters inappropriately included multiple case numbers. Magistrate Judge Blewitt warned the plaintiff on March 9, 2005, to include only one case number per filing or risk having such filings stricken from the docket. (Doc. 40).

On November 28, 2005, Bartelli signed an "Objection to Report and Recommendation," docketed by this court on December 9, 2005. (Doc. 76). Bartelli subsequently filed an "Object to Memorandum and Order." (Doc. 75). The latter document was signed by the plaintiff on December 3, 2005, and docketed by this court on December 16, 2005. We will review the former document as objections to the Report and Recommendation of September 23, 2005, and the latter as a motion for reconsideration of this court's November 18, 2005 Order entering judgment in favor of the defendants.[3]

**DISCUSSION**

**I. Objections To Report And Recommendation**

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations

---

3

"Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to avoid an unnecessary dismissal . . ., to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Castro v. U.S.*, 540 U.S. 375, 381-82 (2003) (*internal citations omitted*). Given Bartelli's status as an incarcerated pro se litigant, and in accordance with the above policy of liberal construction, we will treat the plaintiff's filing as a motion for reconsideration.

to the extent we, in the exercise of sound discretion, deem proper. *United States v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 2413 (1980). Local Rule 72.3 requires that a party file objections to a Report and Recommendation of a Magistrate Judge within ten (10) days of being served with a copy of the Report and Recommendation.

In this case, Bartelli had ten days from August 18, 2005, to file objections with the court. The plaintiff did not file Objections within the time allotted by the Local Rules and Federal Rule of Civil Procedure 6. In the plaintiff's October 5, 2005, request for an extension he indicated that he was aware that Report and Recommendations had been filed in some of his cases. He also noted that he intended to file objections thereto by October 8, 2005. The plaintiff presented no justification for failing to timely object to the Report and Recommendation and neglected to explain why he did not file objections by the end of the requested extension, October 8, 2005.

Bartelli's transfer from SCI Dallas to SCI Huntingdon is not a valid justification for his failure to object to the Report and Recommendation within the time allotted by the Local Rules. It is a prisoner plaintiff's obligation to notify the court in the event that he is transferred from one facility to another. This plaintiff does not appear to have timely notified the court of his transfer from S.C.I. Dallas to S.C.I. Huntingdon, despite the fact that he was provided with a Standing Practice Order on April 28, 2004, informing him of his obligation to notify the court in the event that he was transferred to a new prison. (Doc.4). Moreover, the docket reflects that Bartelli filed at least two documents after November 5, 2005, and

before November 28, 2005, the date he represents that he signed the Objections. The plaintiff's ability to file exhibits with this court belies any contention that the transfer to SCI Huntingdon precluded him from responding to the Report and Recommendation in a timely fashion. He cannot now be heard to complain that his transfer to SCI Huntingdon somehow affected his ability to file Objections.

Additionally, the plaintiff's allegations that prison staff interfered with his mail do not justify the late filing. The plaintiff does not allege that the claimed obstruction involved mail and filings related to the Report and Recommendation of September 23, 2005, or our Order adopting same on November 18, 2005. Rather, Bartelli's specific allegations of obstruction involve administrative filings and filings with this court up to April 29, 2005. He makes no assertions that prison staff inhibited his ability to receive or send mail after the Magistrate Judge entered his Report and Recommendation on September 23, 2005. *See* Bartelli Affidavit at 4, attached as an exhibit to Doc. 73. Moreover, the plaintiff offers no evidence, other than his own affidavit, to support the contention that prison staff ever interfered with his mail. The alleged interference with the plaintiff's legal mail does not justify plaintiff's failure to file objections within the time required by the Local Rules. Accordingly, the plaintiff's Objections to the Report and Recommendation should be overruled as out of time.

Even if we accept the plaintiff's Objections at this time, we would not alter our November 18, 2005 Order adopting Magistrate Judge Blewitt's Report and Recommendation. We adopted the Report and Recommendation and granted the Motion for Summary Judgment or for Judgment on the Pleadings as the

defendants established that: (1) Bartelli's claims were barred by the applicable statute of limitations; (2) the plaintiff failed to exhaust administrative remedies with respect to his claims; (3) summary judgment should be entered in favor of defendant Romanowski because he had no authority to prevent the plaintiff from obtaining future work in other positions in the prison and, therefore, could not have retaliated against Bartelli as alleged in the complaint; and, (4) summary judgment should be entered in favor of the defendant Jones as he had no personal involvement in the adjudication of the misconduct report at issue.

Bartelli's present Objections fail to present any evidence to contradict that proffered by the defendants in support of their Motion for Summary Judgment or for Judgment on the Pleadings. Rather, Bartelli's Objections merely restate allegations of misconduct on the part of the defendant and other S.C.I. Dallas staff. He additionally argues that his claims are not time-barred and that he exhausted all administrative remedies regarding his claims. Specifically, the plaintiff cites to the various exhibits he filed in this case which he claims demonstrate that the plaintiff made good faith efforts to exhaust all administrative remedies relating to this lawsuit. He further argues that the statute of limitations was tolled on February 5, 2003, the date he filed his first 42 U.S.C. § 1983 action, *Bartelli v. Beard, et al.*, 03-CV-0234, against the present defendants and dozens of other prison staff and officials. Notably, the plaintiff fails to offer any argument challenging the Report and Recommendation's conclusions that defendant Jones had no personal involvement in controversy before us, and that defendant Romanowski did not have sufficient authority to retaliate against Bartelli in the manner alleged in the

complaint.

The plaintiff's arguments are in error. As noted by the Magistrate Judge, a "statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice, as the original complaint is treated as if it never existed." *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) (internal citations and quotations omitted). The dismissal of a complaint without prejudice after the statute of limitations has run effectively precludes a plaintiff from remedying any deficiency in the underlying claim by refiling the complaint. *Id.* In such circumstances, the order dismissing the complaint is considered a final and appealable order. *Id.*

Here, the plaintiff filed his initial action, *Bartelli v. Beard, et al.*, 03-CV-0234, on February 5, 2003. We dismissed the complaint without prejudice on May 22, 2003. The plaintiff's cause of action accrued in March of 2001 when he received the misconduct at issue and was adjudged guilty of the infraction. Our May 22, 2003 Order dismissing the plaintiff's claims without prejudice after the expiration of the statute of limitations was a final and appealable order. Bartelli did not appeal that order and the applicable two year statute of limitations for the claims arising in March of 2001, expired. *See Reitz v. County of Bucks*, 125 F.3d 139, 143 (3d Cir. 1997) (Pennsylvania's two year statute of limitations for personal injury tort actions applies to § 1983 suits). The February 5, 2003 complaint had no affect on the running of the statute of limitations on any claims asserted by Bartelli in the present action. See *Brennan*, 407 F.3d at 606. Bartelli did not file the instant § 1983 action until April of 2004, well after the expiration of the two year statute of

limitations. The present action is barred by the statute of limitations and Bartelli's assertion that the statute of limitations was tolled is without merit.

Bartelli's contention that he exhausted the available administrative remedies is similarly erroneous. None of the documents filed as exhibits establish that Bartelli exhausted his administrative remedies regarding the misconduct report at issue. The plaintiff has offered no evidence that he pursued all appeals of misconduct number A111888, allegedly filed by defendant Romanowski in retaliation for Bartelli's filing grievance Dal-0201-01 against the defendant on March 15, 2001. The defendants, on the other hand, submitted affidavits of various prison officials who attested that Bartelli did not fully appeal the determinations made on misconduct number A111888 and grievance Dal-0201-01. *See* Affidavit of Robert Bitner, Doc. 61, Ex. 2; *see also* Affidavit of Robin Lucas, Doc. 61, Ex. 7. The defendants established that Bartelli failed to exhaust the available administrative appeals within the state prison system and, therefore, is precluded from pursuing the instant § 1983 suit by virtue of 42 U.S.C. § 1997e(a).

Viewing the facts in the light most favorable to Bartelli, we conclude that the plaintiff's claims are barred by the statute of limitations and that the plaintiff failed to exhaust the available administrative appeals to challenge the misconduct report at issue. Moreover, the plaintiff failed to object to the Magistrate Judge's conclusion that summary judgment should be entered in the defendants' favor where no retaliatory action was taken by defendant Romanowski and because defendant Jones had no personal involvement in the adjudication of the

misconduct. If received within the time allotted by the Local Rule 72.3, Bartelli's Objections would not have altered our order of November 18, 2005, adopting the Report and Recommendation of Magistrate Judge Blewitt and entering judgment in favor of the defendants. The plaintiff's Objections to the Report and Recommendation of Magistrate Judge Blewitt will be dismissed.

**II. Motion For Reconsideration**

A motion for reconsideration is a device of limited utility. It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). It has also been held that a motion for reconsideration is appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 27 (M.D. Pa. 1995), *vacated in part on other grounds*, 915 F. Supp. 712 (M.D. Pa. 1996). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus. Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). Middle District Local Rule 7.10 requires that motions for reconsideration be filed within ten (10) days after the entry of the order at issue.

In this case, the plaintiff cites no recent precedent that would compel this court to revisit the November 18, 2005 Order. The plaintiff fails to offer any newly discovered evidence that, if discovered previously, may have affected our

decision. He merely restates the arguments found in his response to the defendant's Motion for Summary Judgment or for Judgment on the Pleadings and other previous filings. As noted above, the exhibits filed by Bartelli fail to counter the defendants' evidence that the misconduct report and grievance at issue were not fully appealed through the prison's administrative process. Nothing in the plaintiff's many filings convinces this court to reconsider the conclusions made in our November 18, 2005 Order. *See Harsco Corp.*, 779 F.2d 906 (holding motion for reconsideration used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which might have affected the court's prior decision). We will not disturb the November 18, 2005 Order granting the defendants' Motion for Summary Judgment or for Judgment on the Pleadings and entering judgment in their favor.

**CONCLUSION**

We will dismiss the plaintiff"s "Objection to Report and Recommendation" (Doc. 76) and deny his "Object to Memorandum and Order." (Doc. 75). The plaintiff's Objections to the Report and Recommendation are untimely and without merit. Bartelli's latter motion, construed as one for reconsideration, failed to demonstrate that this court made a manifest error of law or fact. The plaintiff further neglected to present any newly discovered precedent or evidence that might have altered our prior decision. Accordingly, we will not disturb our Order of November 18, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH BARTELLI, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 3:CV-04-0909 (JUDGE KOSIK) |
| PAUL ROMANOWSKI, et al., | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 5th day of JANUARY, 2006, IT IS HEREBY ORDERED THAT:

[1] the plaintiff's "Objection to Report and Recommendation" (Doc. 76) is **dismissed**;

[2] the plaintiff's "Object to Memorandum and Order" (Doc. 75), construed by this court as a motion for reconsideration, is **denied**; and,

[3] the order dated November 18, 2005 (Doc. 72), adopting Magistrate Judge Blewitt's Report and Recommendation, entering judgment in the defendants' favor, and closing the case, will stand.

s/Edwin M. Kosik
United States District Judge